## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-184-5 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| FREDDIE SANCHEZ, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Freddie Sanchez ("Sanchez")

for bond pending sentencing. (Doc. No. 386 ["Mot."].) Plaintiff United States of America (the

"government") opposes the motion. (Doc. No. 391 ["Opp'n"].) For the reasons that follow,

Sanchez's motion is DENIED.

### I.  BACKGROUND

On June 19, 2019, a superseding indictment issued charging Sanchez and fourteen other

individuals in a drug conspiracy. (Doc. No. 15 [Superseding Indictment].)  Sanchez was charged

and pled guilty to the following charges: conspiracy to distribute and to possess with intent to

distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1)(A), (b)(1)(B), (b)(1)(C)

and 846; and three counts of possession with intent to distribute controlled substances, in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (11-22-2019 Minutes; Doc. No. 237 [R&R];

Doc. No. 263 [Order Adopting R&R and Accepting Guilty Plea]; Doc. No. 264 [Plea

Agreement].) Sanchez is currently housed at Northeast Ohio Correctional Center ("NEOCC")

and is scheduled to be sentenced on May 27, 2020.

On June 5, 2019, a detention hearing was held and Sanchez was ordered detained. (Doc. No. 6 [Detention Order].) In support of detention, the magistrate judge found, "There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that defendant committed" an "offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act[.]" (*Id*. at 50.) Further, the magistrate judge found that Sanchez had not introduced sufficient evidence to rebut the presumption of detention, citing the following facts: (1) Sanchez was subject to a lengthy prison term if convicted, (2) Sanchez' prior criminal history, (3) his participation in the charged offenses while on parole, (4) his history of violence or use of weapons, (5) his history of alcohol or substance abuse, and (6) his lack of a stable residence. (*Id*.)

II. **DISCUSSION**

On April 7, 2020, Sanchez filed the present motion in which he seeks release on bond pending sentencing due to the current health crisis surrounding the COVID-19 pandemic. He posits that the "conditions in jails do not allow for a vulnerable inmate to take the recommended preventive actions and create an ideal environment for the transmission of contagious disease." (Mot. at 2776.) He does not suggest that he is a "vulnerable inmate," but he does claim that he does not pose a flight risk. According to Sanchez, the fact that he made "himself available to authorities, effectively turning himself in to same, and his later acceptance of responsibility in this matter, bespeaks a person who is facing the consequences of his actions and will not flee." (*Id*. at 2777.)

Release pending sentencing, as relevant here, is governed by 18 U.S.C. 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing,

absent certain narrow exceptions. *See, e.g., United States v. Harris*, No. 19-356, 2020 WL 1503444 (D.D.C. Mar. 27, 2020) (evaluating motion for immediate release due to COVID-19 of defendant awaiting sentencing under § 3143). Under 18 U.S.C. § 3143(a)(2), if a defendant is convicted of a qualifying crime, the Court must order the defendant detained. Detainment is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). Here, Sanchez concedes that he is subject to mandatory detention, the Court is unaware of any basis for which a motion for a new trial or judgment of acquittal could be granted, and the government is recommending a term of imprisonment. (*See* Opp'n at 2814.) Once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate" and the defendant poses no risk of flight or danger. 18 U.S.C. § 3145(c) (emphasis added).

The Court finds that Sanchez is unable to satisfy either requirement for release. "Exceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). There is no dispute that COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions. It is for this reason that some courts have determined that the heightened threat posed by COVID-19 to an inmate with a documented risk factor in a detention facility with confirmed cases of COVID-19 can present a "unique combination of

circumstances" that meets the "exceptional circumstances" requirement. *See, e.g., United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *3 (S.D.N.Y. Mar. 30, 2020) (inmate awaiting sentencing in a facility with an outbreak of COVID-19, who had previously been released on bond prior to entering a guilty plea and had a documented respiratory condition, established "exceptional circumstances" to justify his temporary release. But Sanchez does not allege that he suffers from a serious health condition which places him at a higher risk for contracting the COVID-19, and he only argues that the virus poses a risk to him and the prison community in general. (*See* Mot. at 2775-76.)

As set forth in the government's response, U.S. Marshals Service has taken extraordinary measures to limit the threat posed by COVID-19. These preventive measures include: (1) aggressive screening, isolation, and treatment of suspected cases of the virus; (2) the placement of limitations on prisoner movements within facilities; and (3) the institution of procedures for staff to call-off and obtain medical care if exhibiting symptoms to avoid exposure to inmates. (Opp'n at 2814-16.) Sanchez's institution has also taken several safety following measures to stop the spread of the virus. (*Id*. at 2816-17.) While the Court is sympathetic to Sanchez's concern about the COVID-19 virus, "speculation about future conditions does not constitute a 'compelling reason' for temporary release." *See United States v. Bastianelli*, No. 17-305, 2020 WL 1493559, at *1 (W.D. Pa Mar. 27, 2020) (collecting cases denying requests for temporary release due to generalized concerns about COVID-19); *see also United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008) (noting that "it is a rare case in which health conditions present an 'exceptional reason'" to allow release where otherwise detention would be warranted).

Additionally, given Sanchez's extensive criminal history—which includes multiple felony drug trafficking convictions—his history of substance abuse, and his history of parole and

4

supervised release violations, the Court is far from convinced that Sanchez would remain compliant on temporary release.[1] (Doc. No. 356 [Presentence Investigative Report (Final) ("PSR")] at 2542-48.) "A defendant who is unable to comply with conditions of release poses potential risk to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *United States v. Clark*, 2020 WL 1446895, at *7. Courts have found that the increased burden on pretrial services to monitor high-risk prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020) (denying request for release due to COVID-19—notwithstanding defendant's asthma, high blood pressure, and diabetes—noting that location monitoring puts pretrial services officers at risk); *United States v. Aiad-Toss*, No. 4:19-cr-00521, 2020 WL 1514482 (N.D. Ohio Mar. 30, 2020) (observing that "releasing . . . to home detention and electronic monitoring creates its own risks and undue burden on pretrial services").

---

[1] Sanchez has also failed to offer any changed circumstances that would call into question the magistrate judge's determination that he is a flight risk and a danger to another person and the community. Sanchez's prior convictions include aggravated riot and felonious assault, and several of his drug convictions involved the use of weapons. (PSR at 2542-48.) He remains a danger to the community. Further, that he "essentially turned himself in" when he was advised that the authorities were aware of his location and were planning to arrest him—a fact known to the magistrate judge at the time of the detention hearing—does not change the fact that he will likely receive a substantial term of imprisonment at sentencing or otherwise mitigate his flight risk.

## III. CONCLUSION

For all the foregoing reasons, as well as the reasons set forth in the government's response opposing the motion, Sanchez's motion for bond pending sentencing is DENIED.

**IT IS SO ORDERED**.

Dated: April 16, 2020

                                                               
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

6